IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:17CR286 |
| vs. | FINDINGS AND RECOMMENDATION |
| ANA RODRIGUEZ-TORREZ, | |
| Defendant. | |

This matter is before the Court on the Motion to Dismiss Based Upon Outrageous Government Conduct and Request for Hearing (Filing No. 259) filed by Defendant, Ana Rodriguez-Torrez.[1] The government filed a Response in Opposition to Defendant's Motion to Dismiss (Filing No. 261). For the following reasons, the undersigned magistrate judge recommends that the motion be denied, without an evidentiary hearing.

Defendant is charged in the Second Superseding Indictment with money laundering and conspiracy to launder money. (Filing No. 204). The indictment alleges that Defendant was engaged in a conspiracy with several co-defendants to wire proceeds from methamphetamine sales to various individuals in Mexico.

Defendant's instant motion seeks dismissal of the charges against her based on outrageous government conduct. Specifically, Defendant asserts that "the only government witness against [Defendant] states that [Defendant] did not know the source of the money," that "[Defendant] was lied to and told that the money was personal and for other family issues," and that the government "only recently" provided such information to defense counsel. Defendant further asserts that "the government knows that without further evidence it does not have evidence to convict [Defendant]" and that Defendant has "denied being involved with any co-defendants in any illegal activities." Defendant contends that the government acted outrageously in "filing charges, knowing there is

---

[1] Defendant failed to file a brief in support of her motion as required under this district's local rules, and thus the Court may treat the motion as abandoned. See NECrimP 12.3(b)(1). Furthermore, the deadline for the filing of pretrial motions was January 15, 2018, (Filing No. 117), and Defendant failed to seek leave of the court before filing the instant motion on September 14, 2018. The deadlines for filing pretrial motions are strictly enforced and only extended upon a showing of good cause. NECrimP 12.3(a). Counsel is admonished to comply with the rules of the court in any future filings.

little to no evidence to support the charge, and or filing charges without properly investigating, and then later finding there is exculpatory evidence and not dismissing charges." (Filing No. 259).

"Outrageous Government conduct requires dismissal of a charge 'only if it falls within the narrow band of the most intolerable government conduct.'" *United States v. Bugh*, 701 F.3d 888, 894 (8th Cir. 2012)(quoting *United States v. Morse*, 613 F.3d 787, 792-93 (8th Cir. 2010)). "Law enforcement agents' conduct is so outrageous that due process principles bar the Government from using the judicial process to obtain a conviction only when agents' conduct violates 'that fundamental fairness, shocking the universal sense of justice, mandated by the Due Process Clause of the Fifth Amendment.'" *Id.* (quoting *United States v. Russell*, 411 U.S. 423, 432 (1973). "[T]he defense of outrageous government conduct focuses on the government's actions." *United States v. Williams*, 720 F.3d 674, 686 (8th Cir. 2013)(quoting *United States v. Hunt*, 171 F.3d 1192, 1195 (8th Cir. 1999)). The government's actions must "shock the conscience" and "the level of outrageousness needed to prove a due process violation is quite high." *Williams*, 720 F.3d at 686 (quoting *United States v. King*, 351 F.3d 859, 867 (8th Cir. 2003)). "A trial court need only grant an evidentiary hearing on the issue of outrageous government conduct when the defendant has presented specific facts that are sufficient to raise a significant doubt about the propriety of the government's actions." *United States v. Swiatek*, 819 F.2d 721, 725 (7th Cir. 1987).

The undersigned magistrate judge finds that Defendant has alleged nothing in her motion that "raise[s] a significant doubt about the propriety of the government's actions" warranting a hearing, let alone granting the dismissal of the charges against her. See *Swiatek*, 819 F.2d at 725. Defendant simply alleges that the government's evidence against her is weak and that a witness has attested to Defendant's innocence. Such allegations very clearly do not "shock the conscience" or warrant dismissal for a due process violation. Instead, Defendant merely is challenging the strength of the government's case against her, which is the issue to be determined by a jury. Because Defendant has raised no facts raising even a colorable outrageous government conduct claim, the undersigned finds that the motion to dismiss should be denied, without an evidentiary hearing. Upon consideration,

**IT IS HEREBY RECOMMENDED** to United States District Court Judge Robert F. Rossiter, Jr., that Defendant's Motion to Dismiss Based Upon Outrageous Government Conduct and Request for Hearing (Filing No. 259) be denied.

Dated this 21st day of September, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

## ADMONITION

Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.